UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

════════════════════════════════════

UNITED STATES OF AMERICA,

                                                    DECISION AND ORDER
              v.                                    06-CV-684A
                                                    01-CR-192A

FRANK J. "BUTCHIE" BIFULCO,

                          Defendant.

════════════════════════════════════


### INTRODUCTION

_____On October 17, 2006, petitioner Frank J. "Butchie" Bifulco filed the instant

habeas corpus petition, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or

modify his sentence.  Petitioner alleges that his trial counsel, Anthony J. Lana, Esq.,

failed to provide effective assistance of counsel as required by the Sixth Amendment.

More specifically, petitioner alleges that Mr. Lana prevented him from testifying in his

own defense and failed to inform him of his right to do so.  Petitioner further claims

ineffective assistance by his appellate counsel, Thomas Theophilus, Esq., for his failure

to file supplemental briefs regarding issues raised by the allegedly improper admission

of a hearsay statement in violation of Crawford v. Washington, 541 U.S. 36 (2004).

Finally, petitioner claims that Mr. Theophilus was ineffective because he failed to

request a remand pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

_____For the reasons stated herein, the Court denies petitioner's § 2255

petition.

## PROCEDURAL BACKGROUND

Petitioner  was convicted after jury trial on April 10, 2003, of conspiracy to commit mail and wire fraud (18 U.S.C. § 371), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), and use of fire in commission of a federal felony (18 U.S.C. § 844(h)) for his role in the destruction of a vehicle in order to aid a third party in avoiding milage overage charges on her lease.  On July 24, 2003, this Court sentenced the petitioner to the statutorily-mandated sentence of 120 months' incarceration on the § 844 count, and to ten months each on the remaining three counts to be served concurrently with one another, but (as required by § 844(h)) consecutively to the 120-month sentence imposed for the § 844 count.  Thus, petitioner's total sentence was 130 months.

Petitioner appealed his conviction, and on April 11, 2005, the Second Circuit Court of Appeals affirmed the judgment.  127 Fed.Appx. 548 (2d Cir.), cert. denied, 126 S.Ct. 462 (2005).


## DISCUSSION

**A.**	***Effective Assistance of Trial Counsel***

Petitioner claims that his trial counsel forbade him from testifying on his own behalf.  If this were true, it would constitute a violation of petitioner's Sixth Amendment rights.  In order to establish such a violation, however, the petitioner cannot rely solely upon "a bare, unsubstantiated, thoroughly self-serving and none-too-plausible statement that his lawyer (in violation of professional standards) forbade him

to take the stand." <u>United States v. Castillo</u>, 14 F.3d 802 (2d Cir. 1994) (citation omitted).

Petitioner has presented no facts, documentation, or any other evidence tending to support his allegation that he "repeated[ly] request[ed] to testify on his own behalf," but that counsel "would not permit him to testify" despite petitioner 's "protestation." (Bifulco Affidavit I at 1-2).  In fact, trial counsel, in a sworn affidavit, states that it is his routine habit and practice to advise a client of his right to testify, and although he does not specifically recall advising petitioner of this right, he is confident he did so in this case as well.  Under Rule  406, of the Federal Rules of Evidence, evidence of habit or routine may be used to show that a person's actions in a particular occasion were in conformity with the general routine.  Petitioner has offered no evidence to rebut Mr. Lana's affidavit.  Unsubstantiated innuendo cannot sustain a claim of ineffective assistance of counsel.

Even if petitioner were able to demonstrated that Mr. Lana failed to inform him of his right to testify or had prevented him from testifying at trial, <u>Strickland v. Washington</u> requires that he also demonstrate that his testimony would have influenced the outcome of the trial.  See <u>Rega v. United States</u>, 263 F.3d 18 (2d Cir. 2001); <u>Nelson v. United States</u>, 380 F. Supp.2d 100 (N.D.N.Y. 2005).  Petitioner has failed to make such a showing.

Petitioner claims that he was eating dinner at a friend's house "approximately 20 to 30 minutes away" "a few hours" before going to the crime scene (Bifulco Memorandum I at 5), and that he did not have enough time to meet Mr. Albert, his partner in this crime, at the doughnut shop, buy cigarettes at a convenience store,

obtain matches at a nearby bar, and still make it to the Home Depot parking lot where

the vehicle was ignited.  Petitioner fails to explain, however, how a half-hour drive a few

hours before the crime would preclude him from the itinerary established by the United

States at trial through the testimony of Angelo Albert.  Mr. Albert's testimony was

corroborated by video surveillance which recorded Mr. Bufulco at the Red Apple Quick

Fill convenience store purchasing cigarettes.  Mr. Albert testified that petitioner sought

to purchase matches from the convenience store, but the store did not have any, so the

petitioner had to go to a nearby bar.  This was corroborated by the convenience store

manager.  Finally, Mr. Albert testified that he and the petitioner left the Home Depot

parking lot, but returned and parked near the vehicle - testimony which was

corroborated by a Home Depot employee, Charles Hargrove, who observed Mr. Albert

and the petitioner and took down petitioner's license plate number.

In contrast to Mr. Albert's corroborated testimony, the petitioner offers only

his uncorroborated testimony that he drove straight from the convenience store to the

parking lot, saw the car on fire, asked Mr. Albert, "Are you crazy?", and instructed him

to put out the fire.  Thus, even if petitioner had testified, his testimony would have done

little in overcoming the overwhelming evidence offered by the government at trial.

In sum, petitioner has failed to establish that he was denied his Sixth

Amendment right to effective assistance of trial counsel.


**B.____*Effective Assistance of Appellate Counsel***

_____Petitioner  also claims that he was not provided with effective assistance

of appellate counsel.  Petitioner claims that his appellate counsel was ineffective

because he failed to file a supplemental brief or letter pursuant to Rule 28(j) of the

Federal Rules of Appellate Procedure notifying the Second Circuit of the decision in

Crawford v. Washington, 541 U.S. 36 (2004), which was rendered by the Supreme

Court while petitioner's appeal was pending.  Petitioner objects to the admission of the

testimony of Chalres Hargrove, a Home Depot employee, regarding a statement made

by James Brooks, another Home Depot employee.  The Court finds this argument

without merit.

In Crawford, 541 U.S. at 55, 68, the Supreme Court held that testimonial

hearsay is barred by the Confrontation Clause unless the declarant is unavailable to

testify at trial and the defendant had a prior opportunity to cross-examine the declarant

regarding the statement.  Crawford is inapplicable to this case for two reasons.  First,

Crawford prohibits only testimonial hearsay, not all hearsay.  Statements offered under

the excited utterance or present sense impression exceptions to the hearsay rule, Fed.

R. Evid. 803(1)-(2), which was the case here, are not considered testimonial.  Davis v.

Washington, 126 S.Ct. 2266 (2006) (statements given to 911 operators which constitute

excited utterances are not "testimonial hearsay"); United States v. Danford, 435 F.3d

682 (2006) (present-sense impression does not constitute hearsay).  Second, Crawford

only prohibits the use of testimonial hearsay when the defendant does not have the

opportunity to cross-examine the declarant.  Crawford, 541 U.S. at  68.  Because the

declarant (James Brooks) testified at trial, the petitioner had an opportunity to cross-

examine him regarding the statement.

Petitioner further claims that his appellate counsel was ineffective

because he failed to file a supplemental brief or otherwise request that the Second

Circuit remand his case for re-sentencing pursuant to <u>United States v. Crosby,</u> 397 F.3d

103 (2d. Cir. 2005).  He points to the Circuit Court's *sua sponte* statement that, "[w]hile

Bifulco would be entitled to a Crosby remand had he asserted a Sixth Amendment

Claim, he failed to do so in his briefs, nor has he provided this Court with a 28(j) letter."

<u>United States v. Bifulco</u>, 127 Fed.Appx. at 551.  This argument is unavailing.

Even had appellate counsel requested a <u>Crosby</u> remand and such a

remand had been directed, it would not have changed the sentence imposed in this

case.  Petitioner's conviction for use of fire in commission of a federal crime (18 U.S.C.

§ 844(h)) was subject to a statutorily-mandated sentence of 120 months, and therefore

could not have been the subject of a <u>Crosby</u> remand.  In addition, because § 844(h)

requires that the sentence on the § 844(h) violation run consecutive to the sentences

imposed on the predicate felonies, that aspect of the sentence would also not have

been subject to a <u>Crosby</u> remand.  With regard to the concurrent 10-month sentences

imposed on the other counts of conviction, the Court would have imposed the same

sentence regardless of whether the United States Sentencing Guidelines had been

advisory rather than mandatory.


## **CONCLUSION**

For the reasons stated, the Court denies petitioner's § 2255 motion.  The

Clerk of Court shall take all steps necessary to close the case.

The Court finds that petitioner has failed to make a substantial showing of

the denial of a constitutional right and therefore denies a certificate of appealability.  28

U.S.C. § 2253(c)(2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith, and therefore denies leave to appeal *in forma pauperis*.  Further requests to proceed on appeal *in forma pauperis* must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  April   30   , 2007